# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| FEDS FOR MEDICAL FREEDOM, ) <br> MICHAEL BALL; MARIE BALLERINI- ) <br> HOUGNON; SALIMA BENABDI; ERIC ) <br> BURKETT; DONALD CARROLL; JANE ) <br> CHUN; BROCK FOX; DAVID GUERERRO; ) <br> HOMER HAWKINS; WILLIAM HAYES; ) <br> MATTHEW HILTON; DANIEL JACKSON; ) <br> LISA JONES; CHERYL KOEVOET; ) <br> NANCY MCGAUVRAN; CHRISTOPHER ) <br> MILLER; KAROLINA MILLER; DAVID ) <br> PEMBERTON; JEFFREY RUSINEK; ) <br> KEMMI SADLER; KELLY MEDINA ) <br> SANTIESTEBAN; MARCUS THORNTON; ) <br> CHRISTINA WILLIAMS; and ) <br> JOEL ZLOTNIK. ) <br>       Plaintiffs, ) <br> ) <br>      v. ) <br> ) <br> ANTONY J. BLINKEN, in his official ) <br> capacity as Secretary of the U.S. Department ) <br> of State, and in his individual capacity; THE ) <br> U.S. DEPARTMENT OF STATE; ) <br> CAROL PEREZ in her official capacity as ) <br> Director General of the Foreign Service and ) <br> Director of Global Talent Bureau in the Bureau ) <br> of Global Talent Management at the U.S. ) <br> Department of State, and in her individual ) <br> capacity; MARCIA BERNICAT in her official ) <br> capacity as Director General of the Foreign ) <br> Service and Director of Global Talent Bureau in ) <br> the Bureau of Global Talent Management at the ) <br> U.S. Department of State, and in her individual ) <br> Capacity ) <br>       Defendants. ) <br> _____ ) | CIVIL ACTION <br> CASE NO.  1:23-CV-00266 |

## MEMORANDUM
## IN SUPPORT OF PLAINTIFFS' MOTION FOR CHANGE OF VENUE

Plaintiffs, Feds for Medical Freedom *et al.* ("F4MF"), pursuant to U.S.C. Title 28, Section 1404(a) hereby move this Court to transfer venue of this matter to the District Court of Kansas.

## INTRODUCTION

On February 27, 2023, Plaintiffs Feds for Medical Freedom (F4MF), and twenty-five employees of the U.S. Department of State (State), filed their Complaint in this Court seeking recovery against State and three of its officers, including the Secretary of State, for violations of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Religious Freedom Restoration Act.

They had originally planned to file the suit in the District of Kansas, the home state of the president of Feds for Medical Freedom, Plaintiff Marcus Thornton. Plaintiffs bring this motion to bring the suit they had intended to bring.

## LAW AND ANALYSIS

*Change of Venue*, U.S.C., Title 28, Section 1404(a) provides in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought . . . ." Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a). (*I-T-E- Circuit Breaker Co. v. Regan*, 348 F.2d 403 (8th Cir. 1965); *American Standard, Inc. v. Bendix Corp.,* 487 F. Supp. 254, 260 (W.D. Mo. 1980).

First, a court determines whether the claims could have been brought in the transferee forum. *Bascom Research, LLC v. Facebook, Inc*., No. 1:12cv1111, 2012 U.S. Dist. LEXIS

186712, 2012 WL 12918407, at *1 (E.D. Va. Dec. 11, 2012), quoted in *Hill-Green v. Experian Info. Sols., Inc.*, Civil Action No. 3:19cv708, 2020 U.S. Dist. LEXIS 169211, at *11 (E.D. Va. Sep. 15, 2020).

Second, a court considers the following four factors: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) witness convenience and access, and (4) the interest of justice." Bascom, 2012 U.S. Dist. LEXIS 186712, 2012 WL 12918407, at *1. A court's decision to transfer depends on the particular facts of the case because § 1404(a) "provides no guidance as to the weight" that courts should afford each factor. *Samsung Elecs. Co., LTD. v. Rambus, Inc.*, 386 F. Supp. 2d 708, 716 (E.D. Va. 2005). "The movant carries the burden of establishing the propriety of the transfer request." *Bascom*, 2012 U.S. Dist. LEXIS 186712, 2012 WL 12918407, at *1, quoted in *Hill-Green v. Experian Info. Sols., Inc.*, Civil Action No. 3:19cv708, 2020 U.S. Dist. LEXIS 169211, at *11 (E.D. Va. Sep. 15, 2020).

Here, the Plaintiff originally intended to file this action in the District of Kansas, as that is the home state of one of the individual Plaintiffs, Marcus Thornton (Riverton, KS), who is also the President of another Plaintiff, the non-profit organization Feds for Medical Freedom.

Plaintiffs filed in this Court to preserve their rights, not as its chosen forum. Lead Counsel on this case will be seeking *pro hac vice* admission into the District of Kansas to bring this suit, but was unable to finalize an arrangement with a local attorney before the 90-day window from Plaintiffs' Notice of Right to Sue was about to run. Plaintiffs filed in this venue where counsel was admitted, and a substantial part of the events occurred. Since then, the arrangements for *pro hac vice* admission have been finalized, and Plaintiffs are prepared to continue in the District of Kansas, as is their right under 28 U.S.C.S. § 1391(e)(1).

Such a venue change would, as indicated above, be more convenient for the president of the organization that is the principal named plaintiff in the suit. More importantly, however, it would serve the ends of justice by allowing the suit to proceed in Plaintiffs' chosen venue according to their statutory rights, which is where it would have commenced if not for a logistical snag.

As for convenience of the witnesses—to the extent witness testimony will be necessary (not a given here), witnesses are all over the place. Witnesses are stationed in Kuwait; Rio de Janeiro; Washington, D.C.; Tel Aviv; Beijing; Orlando; Jerusalem; and others. While some events occurred at the Foreign Service Institute in the Eastern District, only one plaintiff is employed there—the others were students there for temporary training. This action entails a level of inconvenience for all; to the extent that the action has a natural "home," it is in Kansas, the home district of the president of Feds for Medical Freedom, the principal plaintiff in the case.

## CONCLUSION

Granting a motion for change of venue in this instance appears to be no less convenient to the parties than the Eastern District and would serve the ends of justice. For these reasons, this Court should grant Plaintiffs' motion for change of venue.

Dated this 12th day of May, 2023.   Respectfully Submitted,

_____
E. Scott Lloyd
Virginia Bar # 76989
Lloyd | Lemmon, PLLC
15 Chester Street
Front Royal, VA 22630

(540) 631-4081  
scott@lloydlemmon.com  
Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that I will cause the foregoing to be served upon the Defendants on May 12, 2023.

_____
SCOTT LLOYD