**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| |
|---|
| MARCUS THORNTON, *et al*., |
| *Plaintiffs,* |
| v. |
| ANTONY J. BLINKEN, in his official capacity as Secretary of the U.S. Department of State and in his individual capacity, *et al*., |
| *Defendants.* |

Civil Action No. 1:23-cv-0266-PTG-IDD

# REPLY IN SUPPORT OF
# <u>OFFICIAL-CAPACITY DEFENDANTS' MOTION TO DISMISS</u>

## **TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................ 1

LEGAL STANDARD ................................................................................................. 1

ARGUMENT ............................................................................................................. 2

I.     PLAINTIFFS' TITLE VII CLAIMS SHOULD BE DISMISSED. .................................. 2

       A.    Plaintiffs Fail to Oppose Dismissal of Their Title VII Disparate
Treatment Claim. ....................................................................................... 2

       B.    Plaintiffs Fail to Allege an Unlawful Denial of Religious
Accommodation. ........................................................................................ 3

II.    THE REHABILITATION ACT CLAIMS SHOULD BE DISMISSED. ........................ 7

       A.    Plaintiffs' Alleged Disability Claims Should be Dismissed. .................... 7

       B.    Plaintiffs' Perceived Disability Claim Fails. ........................................... 8

III.   ALL OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS
BLINKEN, PEREZ, AND BERNICAT SHOULD BE DISMISSED. ......................... 10

IV.   PLAINTIFFS' ATTEMPT TO AVOID CONSIDERATION OF THE
MOTIONS TO DISMISS SHOULD BE REJECTED. ..................................... 11

CONCLUSION ......................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

<u>**Cases**</u>

*Ansonia Bd. of Educ. v. Philbrook*,
   479 U.S. 60 (1986)..................................................................................................... 4, 5

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................... 1, 12

*Bell v. Hood*,
   327 U.S. 678 (1946)...................................................................................................... 11

*Clapper v. Amnesty Int'l USA*,
   568 U.S. 398 (2013)........................................................................................................ 6

*Davis v. Cole*,
   999 F. Supp. 809 (E.D. Va. 1998) ............................................................................. 6, 8

*Edwards v. City of Goldsboro*,
   178 F.3d 231 (4th Cir. 1999) ......................................................................................... 1

*EEOC v. Consol. Energy, Inc.*,
   860 F.3d 131 (4th Cir. 2017) ...................................................................................... 4, 6

*EEOC v. Firestone Fibers & Textiles Co.*,
   515 F.3d 307 (4th Cir. 2008) ......................................................................................... 5

*Flemmings v. Howard Univ.*,
   198 F.3d 857 (D.C. Cir. 1999) .................................................................................... 4, 6

*Gallo v. Wash. Nat'ls Baseball Club*,
   No. 22-cv-1092, 2023 WL 2455678 (D.D.C. Mar. 10, 2023) ................................... 9, 10

*Hodel v. Virginia Surface Mining & Reclamation Ass'n*,
   452 U.S. 264 (1981)..................................................................................................... 6, 7

*Kirkland v. Mabus*,
   206 F. Supp. 3d 1073 (E.D. Va. 2016) .......................................................................... 7

*Lundstrom v. Contra Costa Health Services*,
   No. 22-CV-06227-CRB, 2022 WL 17330842 (N.D. Cal. Nov. 29, 2022)...................... 9

*Manning v. Hunt*,
   119 F.3d 254 (4th Cir. 1997) ......................................................................................... 2

*Manuel v. Gembala*,
No. 7:10-CV-4-FL, 2011 U.S. Dist. LEXIS 94421 (E.D.N.C. July 27, 2011) ........................ 12

*McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*,
780 F.3d 582 (4th Cir. 2015) ................................................................................................ 1

*Melendez v. Sebelius*,
611 Fed. App'x 762 (4th Cir. 2015) ...................................................................................... 7

*Modderno v. King*,
82 F.3d 1059 (D.C. Cir. 1996) ......................................................................................... 2, 3

*Ogango v. Verizon Bus. Network Servs. LLC*,
No. 1:22-cv-00752-MSN-WEF, 2022 U.S. Dist. LEXIS 223133 (E.D. Va. Nov. 16, 2022)..... 3

*Prince v. Clarke*,
No. 2:17-cv-007, 2018 U.S. Dist. LEXIS 74556, at *15 (E.D. Va. Mar. 21, 2008).................. 3

*Shklyar v. Carboline Co.*,
No. 22-cv-391, 2022 WL 2867073 (E.D. Mo. July 21, 2022)................................................ 10

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)............................................................................................................. 11

*Weakley v. Homeland Sec. Sols., Inc*,
No. 3:14CV785 (REP-RCY), 2015 WL 11112158 (E.D. Va. May 19, 2015) ......................... 8

*Westry v. N. Carolina AT & T State Univ.*,
286 F. Supp. 2d 597 (M.D.N.C. 2003) ......................................................................... 3, 7, 11

*Williams v. Potomac Family Dining Grp. Operating Co.*,
No. GJH-19-1780, 2019 U.S. Dist. LEXIS 181604 (D. Md. Oct. 21, 2019)........................... 12

## Statutes

42 U.S.C. § 12102(3)(B)....................................................................................................... 9

## Rules

86 Fed. Reg. 50,989, 50,990 ............................................................................................... 8

## Other Authorities

Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1350 n. 39 (3d ed. 2021) ............... 11

Equal Employment Opportunity Commission, *What You Should Know About COVID-19 and the
ADA, the Rehabilitation Act, and Other EEO Laws* (May 15, 2023),
K.2, https://perma.cc/Y4C3-XZWR ..................................................................................... 4

World Health Organization, *Vaccines and immunization: What is Vaccination?*,
    (Aug. 30, 2021),
    https://www.who.int/news-room/questions-and-answers/item/vaccines-and-immunization-
    what-is-vaccination ............................................................................................................... 10

**INTRODUCTION**

As explained in the Official Capacity Defendants' Motion to Dismiss, ECF No. 51, Plaintiffs' claims under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 should be dismissed.[1]  The Second Amended Class Complaint ("Complaint") marks Plaintiffs' fourth attempt to adequately plead their claims in this case, *see* ECF Nos. 1, 7, 9, 41, and yet it still fails to state a claim upon which relief can be granted.  As explained below, Plaintiffs' opposition brief, which is short on law and citations to the Complaint, does not demonstrate otherwise.

**LEGAL STANDARD**

Plaintiffs' argument that their claims should face a lower burden on motions to dismiss because they have asserted a "civil rights complaint" is unpersuasive.  Pls.' Opp'n at 4, 7, ECF No. 64.  As an initial matter, Plaintiffs rely exclusively on caselaw that predates the *Twombly/Iqbal* standard and thus is no longer controlling.  *See id.* at 6-7 (citing *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) and earlier cases).  The fact that their claims are asserted under Title VII and the Rehabilitation Act does not relieve Plaintiffs of their obligation to allege facts "necessary to state [a] claim and the grounds showing entitlement to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see, e.g., McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.,* 780 F.3d 582, 587 (4th Cir. 2015) ("Applying the *Twombly/Iqbal* standard here reveals that McCleary–Evans' [Title VII] complaint suffers from the same deficiencies that defeated the complaint in *Iqbal*.").  This is particularly true where many of Plaintiffs' claims are tantamount to a "facial challenge" to Defendants' COVID policies, which is "the most difficult

---

[1] Plaintiffs' Second Amended Class Complaint also alleges that Defendants Blinken, Perez, and Bernicat violated their rights under the Religious Freedom Restoration Act ("RFRA"), acting in their individual capacities. Am. Compl. ¶¶ 206-211.  The RFRA claim is asserted against the Individual Capacity Defendants only, *id.* ¶¶ 42-44.  In any event, Plaintiffs did not file a brief opposing dismissal of the individual capacity claims.  *See* Notice of Non-Opposition to Individual Capacity Defendants' Motion to Dismiss Plaintiffs' Individual Capacity Claims, ECF No. 65.

challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [challenged policy] would be valid," *Manning v. Hunt*, 119 F.3d 254, 268 (4th Cir. 1997). And here, it is beyond dispute that the vaccination, masking, testing, screening, and travel policies at issue did not, on their face, draw any distinction on the basis disability or religion. *See Modderno v. King*, 82 F.3d 1059, 1061 (D.C. Cir. 1996) (rejecting facial Rehabilitation Act claim because "[t]he statute . . . focuses on disability, yet the [challenged action] in no way uses that criterion").

## **ARGUMENT**

### I.   **PLAINTIFFS' TITLE VII CLAIMS SHOULD BE DISMISSED.**

Plaintiffs' opposition brief clarifies that their claims are limited to only those issues raised in and exhausted by Marcus Thornton's Equal Employment Opportunity ("EEO") class complaint, which was denied by final decision of the Equal Employment Opportunity Commission ("EEOC") on October 26, 2022. *See* Pls.' Opp'n at 8; *see also* Motion to Dismiss Ex. 3, Thornton's EEO Compl. (Jan. 27, 2022), ECF No. 51-3; Motion to Dismiss Ex. 4, Final Agency Decision (Oct. 26, 2022), ECF No. 51-4. Therefore, to the extent Plaintiffs' Title VII claims extend beyond those raised in Mr. Thornton's putative EEO class complaint at the administrative level, those portions of Plaintiffs' claims must be dismissed for failure to exhaust. *See* Motion to Dismiss at 19-20. And even as to those issues which they have properly exhausted, Plaintiffs fail to rebut the reasons why their claims must be dismissed.

### A.  **Plaintiffs Fail to Oppose Dismissal of Their Title VII Disparate Treatment Claim.**

In their motion, the Official Capacity Defendants moved for dismissal of Plaintiffs' Title VII disparate treatment claim (Count Three) on the grounds that Plaintiffs largely fail to identify actionable adverse employment actions, *id*. at 27-28, and allege no facts giving rise to a reasonable inference that any of the complained of acts were motivated by a desire to discriminate against

them due to their religious faith.  *Id.* at 28-29.  Indeed, Plaintiffs' Complaint refutes the notion that the Department's COVID-19 policies amounted to disparate treatment because Plaintiffs simultaneously allege that other similarly situated employees outside of their protected class were subject to the same procedures.  *See id.*; Am. Compl. ¶ 165, ECF No. 41 (alleging that "anyone who did not accept the vaccine" was subject to "testing / screening procedures").  Plaintiffs' opposition brief makes no attempt to oppose these arguments for dismissal,[2] and Plaintiffs have accordingly waived the right to contest the arguments made in Defendants' motion.  *See* Pls.' Opp'n at 8-10 (discussing only Plaintiffs' failure to accommodate claim); *see also Ogango v. Verizon Bus. Network Servs. LLC*, No. 1:22-cv-00752-MSN-WEF, 2022 U.S. Dist. LEXIS 223133, at *3-4 (E.D. Va. Nov. 16, 2022) (Where a "a plaintiff does not challenge the legal arguments of the motion to dismiss with an opposition brief, she 'waives the right to contest the arguments made therein.'") (quoting *Prince v. Clarke*, No. 2:17-cv-007, 2018 U.S. Dist. LEXIS 74556, at *15 (E.D. Va. Mar. 21, 2008)); *see also Westry v. N. Carolina AT & T State Univ.*, 286 F. Supp. 2d 597, 600 (M.D.N.C. 2003), *aff'd*, 94 F. App'x 184 (4th Cir. 2004) (plaintiff waived a claim by failing to address defendant's refutation of it).  The Court should therefore grant Defendants' motion and dismiss Count Three with prejudice.

## B.  Plaintiffs Fail to Allege an Unlawful Denial of Religious Accommodation.

Plaintiffs do not plausibly allege that the State Department unlawfully failed to accommodate their religion.  *See* Motion to Dismiss at 21-26.  Most significantly, Plaintiffs cannot

---

[2] Plaintiffs' brief does state their intent to "withdraw all claims based on the disparate-*impact* theory of discrimination," Pls.' Opp'n at 14 (emphasis added), but it is unclear which claims Plaintiffs intended to reference, as their operative Complaint did not allege any "disparate-impact" claims.  Plaintiffs also state they will "file notices of withdrawal for these claims," *id.*, but have yet to do so. Without more and until such a notice is filed, the Official Capacity Defendants reaffirm their motion to dismiss those claims with prejudice.

dispute that they fail to meet the requirement to show that their requests for accommodation were denied, and that they were then "disciplined for failure to comply with the conflicting employment requirement." *EEOC v. Consol. Energy, Inc.*, 860 F.3d 131, 141 (4th Cir. 2017); *see also Flemmings v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999) ("An underlying assumption of any reasonable accommodation claim is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied.").  Indeed, their Complaint concedes that "[t]he Department never explicitly denied Plaintiffs' requests" for accommodation.  Am. Compl. ¶ 73.  That concession is fatal to Plaintiffs' failure to accommodate claim.  Moreover, "where the employer has already reasonably accommodated the employee's religious needs"—in this case, by permitting unvaccinated employees who sought religious or medical accommodations to mask, test, distance, and avoid travel—"the statutory inquiry is at an end[,]" because "the statute directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation." *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68 (1986); *see also* EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws* (May. 15, 2023), K.2, https://perma.cc/Y4C3-XZWR ("as a reasonable accommodation, an unvaccinated employee . . . might wear a face mask, work at a social distance from coworkers or nonemployees, work a modified shift, get periodic tests for COVID-19 . . . be given the opportunity to telework, or finally, accept a reassignment."); Motion to Dismiss at 25 (citing cases).

Plaintiffs' only rebuttal is their conclusory assertion that the Department's masking, testing, and screening requirement for unvaccinated employees was itself imposed to punish Plaintiffs for their religious beliefs, Pls.' Opp'n at 9, but this argument is wholly unsupported by the pleadings. In fact, Plaintiffs' naked assertion is *directly contradicted* by their Complaint, wherein they admit

that the vaccination requirement at issue applied to all employees, *see* Am. Compl. ¶¶ 54-55, and that "anyone who did not accept the vaccine" was subject to "testing / screening procedures." *Id.* at ¶ 165. The Complaint also makes clear that "[t]he Department never explicitly denied Plaintiffs' requests" for accommodation, and that discipline would only be imposed if they "failed to be vaccinated *without an approved accommodation*." Am. Compl. ¶¶ 73, 185 (emphasis added). And as Defendants demonstrated in their opening brief, the policy Plaintiffs purport to challenge specifically provided that employees would "be considered compliant" if they "request an accommodation [and] confirm they have submitted that request on the Certification of Vaccination form," and that "[d]isciplinary action for non-compliance will not be taken against an individual while they have a pending accommodation request as long as they have submitted the Certification of Vaccination form noting that they have requested an accommodation." Motion to Dismiss at 23; *id.* Ex. 1, Vaccination Notice at 4 (Nov. 19, 2021), ECF No. 51-1. Plaintiffs' conclusory assertion that the masking, testing, and screening policy was actually a targeted punishment is therefore unsupported by the Complaint, and cannot overcome Plaintiffs' admission that their accommodation requests were *never* denied by the Department. *See* Am. Compl. ¶ 73.

At most, Plaintiffs' argument amounts to an assertion that they disliked the agency's universally-imposed masking, testing, and screening requirements, and were fearful that another vaccination mandate might someday be imposed in the future. Pls. Opp'n at 5, 9. But even assuming (contrary to the Complaint) that Plaintiffs had been disciplined for their failure to vaccinate, it is well established that Defendants "need not provide the employee[s] with [their] preferred accommodation," *EEOC v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 313 (4th Cir. 2008) (citing *Philbrook*, 479 U.S. at 68-69), and plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not

certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013). To conclude that Defendants' reasonable masking, testing, and screening policies for unvaccinated employees were in fact punishments (absent any factual support from the Complaint), would undermine *Firestone Fibers* and *Philbrook*, and risk discouraging employers from seeking to accommodate their employees' religious objections to similar requirements in the future. What's more, Plaintiffs do not even attempt to claim that they hold any "bona fide religious belief[s] that conflict[] with an employment requirement" other than the vaccination requirement. *Consol. Energy*, 860 F.3d at 141; *see* Am. Compl. ¶ 181 (alleging only that Plaintiffs "had sincere religious beliefs that conflicted with receiving the vaccine"). Therefore, any failure to accommodate challenge to the Department's masking, testing, screening, or other COVID-19 mitigation policies would fail to state a claim even if it had been exhausted (which it has not).[3] *See* Motion to Dismiss at 21.

To the extent that Plaintiffs now seek to minimize or walk back their admission that "[t]he Department never explicitly denied Plaintiffs' requests" for accommodation, Am. Compl. ¶ 73; *see also id*. ¶¶ 165 and 185, "[t]he court may not consider additional allegations when ruling on a motion to dismiss and must consider the facts asserted in the complaint, and the attached exhibits, to be true," for purposes of the Rule 12 inquiry. *Davis v. Cole*, 999 F. Supp. 809, 813 (E.D. Va. 1998). Therefore, the Court should dismiss Plaintiffs' failure to accommodate claim. *See Flemmings*, 198 F.3d at 861 ("An underlying assumption of any reasonable accommodation claim

---

[3] Where Plaintiffs do not claim to have requested accommodations to the masking, testing, distancing, and travel avoidance requirements, their claims are "not ripe for judicial resolution" because "[t]here is no indication in the record that [plaintiffs] have availed themselves of the opportunities provided by the Act to obtain administrative relief by requesting either a variance . . . or a waiver." Motion to Dismiss at 10 (quoting *Hodel v. Virginia Surface Mining & Reclamation Ass'n*, 452 U.S. 264, 297 (1981)).

is that the plaintiff-employee has requested an accommodation which the defendant-employer has denied.").

## II.     THE REHABILITATION ACT CLAIMS SHOULD BE DISMISSED.

### A.  Plaintiffs' Alleged Disability Claims Should be Dismissed.

Plaintiffs' opposition brief confirms that any Rehabilitation Act claims based on an actual disability are foreclosed.  First, Plaintiffs have not exhausted their claims of disparate treatment or failure to accommodate disability through the EEO process, *see* Motion to Dismiss at 12-13, and do not attempt to argue otherwise in their brief.  *See* Pls' Opp'n at 12-13 (failing to contest Defendants' argument their actual disability claims are foreclosed due to their failure to exhaust them through the administrative EEO process).[4]  For that reason alone, all of their Rehabilitation Act claims based on an actual disability must be dismissed.  *See Kirkland v. Mabus*, 206 F. Supp. 3d 1073, 1080 (E.D. Va. 2016) ("employees raising Title VII, ADEA, and Rehabilitation Act claims must exhaust their available administrative remedies before pursuing an action in federal court.") (citing *Melendez v. Sebelius*, 611 Fed. App'x 762, 763 (4th Cir. 2015)); *Hodel*, 452 U.S. at 297 ("The potential for such administrative solutions confirms the conclusion that the [question] . . . simply is not ripe for judicial resolution"); *Westry*, 286 F. Supp. 2d at 600, *aff'd*, 94 F. App'x 184 (4th Cir. 2004) (plaintiff waived a claim by failing to address defendant's refutation of it).

Instead, Plaintiffs attempt to impermissibly backfill their Complaint with new allegations by pasting select portions of an unsigned "affidavit," supposedly from Ms. Ballerini-Hougnon, into the body of their opposition brief (which is itself notably unsigned).  *See* Pls' Opp'n at 12-14. Even if the Court *could* consider an unsigned "affidavit" injected into this case for the first time in

---

[4]   As was the case for their Title VII disparate treatment claim, Plaintiffs likewise offer no opposition to Defendants' arguments for dismissal of their Rehabilitation Act disparate treatment claim, and have therefore waived the right to contest dismissal on those grounds.  *See supra* 2-3.

an opposition brief, *but see Weakley v. Homeland Sec. Sols., Inc*, No. 3:14CV785 (REP-RCY), 2015 WL 11112158, at *6 (E.D. Va. May 19, 2015), *aff'd*, 622 Fed. App'x. 253 (4th Cir. 2015), the new allegations contained in Plaintiffs' brief still do nothing to cure the threshold deficiencies identified by Defendants' motion to dismiss:  Plaintiffs *still* do not allege that Ms. Ballerini-Hougnon (or any other Plaintiff identified in the Complaint) exhausted a claim of discrimination based on an actual disability through the administrative EEO process, and they make no attempt to excuse their failure to do so.  Accordingly, they may not raise such claims now in Court.[5] Plaintiffs cannot sue over the denial of an accommodation that they did not ask for and did not exhaust.  *See* Motion to Dismiss at 12-19; *see also Davis*, 999 F. Supp. at 813 (refusing to consider new allegations contained in response to motion to dismiss).

### B.  Plaintiffs' Perceived Disability Claim Fails.

Plaintiffs' perceived disability claim fails because they do not plausibly allege that Defendants perceived them as "disabled" within the meaning of the Rehabilitation Act, or that Defendants took any adverse action against them because of a perception that they were disabled. *See* Motion to Dismiss at 10-12.  Despite acknowledging "that some courts have examined this issue and declined to take their view," and without offering *any* case law to support "their view," Plaintiffs nevertheless continue to maintain that Defendants perceived or regarded them as disabled

---

[5] The statements contained in Plaintiffs' unsigned so-called "affidavit" also contradict the allegations made in their Complaint.  For instance, in the Complaint, Plaintiffs alleged that Ms. Ballerini-Hougnon was "[c]onvinced that she would not receive a medical accommodation" when she resigned, Am. Compl. ¶¶ 80-81, whereas they now assert that she "did not know [she] could apply for one." Pls.' Opp'n at 13. These new allegations are also facially implausible; the Department sent clear notices to all employees, including Ms. Ballerini-Hougnon, informing them of their right to request an accommodation, and even directed employees to a website for accommodations through a link titled "how to request an accommodation."  *See, e.g.*, Motion to Dismiss Ex. 1, Vaccination Notice at 4, ECF No. 51-1.  Indeed, Executive Order 14043 itself made clear that all agency vaccination programs included "exceptions . . . as required by law." 86 Fed. Reg. 50,989, 50,990 (Sept. 9, 2021).

when the Department required all of its employees to be vaccinated or seek a medical or religious accommodation such as masking, testing, screening, and travel avoidance.  Pls.' Opp'n at 10-12.

As explained in Defendants' opening brief, that argument fails because a person is not "regarded as having" a disability when "an employer perceives a person to be presently healthy with only a potential to become ill and disabled in the future," *Gallo v. Wash. Nat'ls Baseball Club*, No. 22-cv-1092, 2023 WL 2455678, at *4 (D.D.C. Mar. 10, 2023), nor when it perceives an employee to be currently infected with COVID-19, because courts "generally agree that a COVID-19 infection is not a disability," as it is "generally transitory." *Lundstrom v. Contra Costa Health Servs.*, No. 22-CV-06227-CRB, 2022 WL 17330842 at *5 (N.D. Cal. Nov. 29, 2022) (citing cases). *See* Motion to Dismiss at 11-12.  Moreover, the vaccination, testing, masking, and screening requirements that Plaintiffs contest clearly distinguished on the basis of whether an individual was vaccinated—not on the basis of whether that individual was perceived to have a disability.

Plaintiffs' only rebuttal is to dispute the efficacy of COVID vaccines and insist that the agency presumed that, because they were unvaccinated, they were in fact not presently healthy and that they had COVID.  Pls.' Opp'n at 11.  However, Plaintiffs concede that "[a]s for the question of whether COVID is 'transitory or minor,' *this may be the case for COVID itself*," and argue instead that the agency's "*perception* of a transitory and minor disability was not transitory and minor."  *Id.* at 12 (emphasis added) (internal citation omitted).  But what matters for purposes of a claim under the Rehabilitation Act is the "transitory and minor" nature of the alleged impairment itself, not the nature of Defendants' *perception*.  *See* 42 U.S.C. § 12102(3)(B) (claims for being regarded as having an impairment that is "transitory and minor," defined as "an impairment with an actual or expected duration of 6 months or less," are not cognizable); *Lundstrom*, 2022 WL 17330842 at *5 (citing cases).

What's more, Plaintiffs cite nothing to plausibly support their outlandish claim that Defendants presumed them all to be actively infected with COVID-19 and took adverse action against them based on that perception.  Indeed, the very purpose of the testing and screening program Plaintiffs complain of was to determine whether or not unvaccinated employees had COVID due to their increased "potential to become ill . . . in the future." *Gallo*, 2023 WL 2455678, at *4.  If the Department truly perceived all Plaintiffs to be infected with COVID-19, there would have been no reason to conduct such testing and screening.  The same is true of the requirement to be vaccinated itself—vaccines are given to those who are healthy to prevent them from becoming sick in the future, not to cure sickness that has already arrived.  *See* World Health Organization, *Vaccines and immunization: What is vaccination?*, August. 30, 2021, https://www.who.int/news-room/questions-and-answers/item/vaccines-and-immunization-what-is-vaccination ("Vaccination is a simple, safe, and effective way of protecting you against harmful diseases, before you come into contact with them.").  Plaintiffs' conclusory assertion that the agency presumed them all to be asymptomatically ill is therefore implausible.  "[T]o infer that [an employer] regarded [an employee] as having a disability" based on a "generally applicable" policy "would require inferring that [it] regarded all of its . . . employees as having a disability," turning the Rehabilitation Act on its head.  *Shklyar v. Carboline Co.*, No. 22-cv-391, 2022 WL 2867073, at *5 (E.D. Mo. July 21, 2022) *aff'd*, 2023 WL 1487782 (8th Cir. Feb. 3, 2023); *see also* Motion to Dismiss at 11 n.3 (collecting cases).

## III.   ALL OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS BLINKEN, PEREZ, AND BERNICAT SHOULD BE DISMISSED.

Plaintiffs offer no opposition to Defendants' arguments for dismissal of the duplicative official capacity claims against Defendants Blinken, Perez, and Bernicat.  *See* Motion to Dismiss at 8-9.  Instead, they purport to "seek to withdraw all claims against defendants Blinken, Perez,

and Bernicat in their official capacity" and state that they intend to "file notices of withdrawal for these claims" in the future.  Pls' Opp'n at 14.  If no such notice of withdrawal is filed, the Court should proceed to dismiss the official capacity claims against Blinken, Perez, and Bernicat for the reasons stated in Defendants' Motion to Dismiss.  *See Westry*, 286 F. Supp. 2d at 600 (plaintiff waives claim by failing to address defendant's refutation of it).

## IV.   PLAINTIFFS' ATTEMPT TO AVOID CONSIDERATION OF THE MOTIONS TO DISMISS SHOULD BE REJECTED.

Plaintiffs also use their opposition brief to again urge the Court to ignore Defendants' Motions entirely, so Plaintiffs may avoid a ruling that results in dismissal of their deficient claims. *See* Pls.' Opp'n at 7-8, 12, 14.  That request for delay should be rejected for all of the reasons stated in the Official and Individual Capacity Defendants' memoranda in opposition to Plaintiffs' motion for briefing and argument of class certification before consideration of Motions to Dismiss. *See* ECF Nos. 66 and 67.

Most importantly, resolving class certification issues while jurisdiction is in doubt would carry the Court beyond the bounds of authorized judicial action because the "first and fundamental" question for any court is that of jurisdiction.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *see also* 5B Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1350 n. 39 (3d ed. 2021) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).[6]  Plaintiffs' desire to further delay the Court's consideration of the dispositive threshold issues raised in Defendants' Motions to Dismiss is also without merit because a ruling on class certification will not alter the threshold requirement that Plaintiffs' "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[6] Even if the Court determined to decide such issues before confirming its jurisdiction, it could not do so because Plaintiffs still have not filed a class certification motion of any kind.

(2009) (quoting *Twombly*, 550 U.S. at 570); *Williams v. Potomac Family Dining Grp. Operating Co.*, No. GJH-19-1780, 2019 U.S. Dist. LEXIS 181604, at *17-19 (D. Md. Oct. 21, 2019) (confirming that the general pleading requirements to survive a Rule 12 motion apply to putative class actions). And courts in this circuit have specifically noted that "judicial economy is often best served by ruling on preliminary dispositive motions prior to considering class certification issues." *Manuel v. Gembala*, No. 7:10-CV-4-FL, 2011 U.S. Dist. LEXIS 94421, at *11 (E.D.N.C. July 27, 2011); *see also* Motion to Dismiss at 30 (citing cases dismissing underlying claims without addressing class certification).

## CONCLUSION

All claims against the official capacity Defendants should be dismissed with prejudice.

Dated: November 3, 2023                          Respectfully submitted,

                                                 JESSICA D. ABER
                                                 United States Attorney

                                                 BRIAN M. BOYNTON
                                                 Principal Deputy Assistant Attorney General

                                                 CHRISTOPHER R. HALL
                                                 CARLOTTA P. WELLS
                                                 Assistant Branch Directors

                                                 ANDREW J. RISING (D.C. Bar #1780432)
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 1100 L Street NW, Rm. 11406
                                                 Washington, D.C. 20530
                                                 (202) 514-0265
                                                 Andrew.J.Rising@usdoj.gov

                                                 /s/ _____
                                                 Lauren A. Wetzler (VSB #93902)
                                                 Chief, Civil Division
                                                 United States Attorney's Office
                                                 2100 Jamieson Avenue

Alexandria, Virginia 22314
Telephone: (703) 299-3752
Fax:  (703) 299-3983
Email: lauren.wetzler@usdoj.gov

*Counsel for Official-Capacity Defendants*